# Robarts' Appeal.

[JANUARY 20, 1851.]

A guardian cannot raise an account merely to get commissions on a fund which does not pass through his hands; and is not entitled to an allowance for expenses incurred in pursuance of such unfounded claim to commissions.

APPEAL from the Orphans' Court of Philadelphia.

Robert Bell, on the 15th of March, 1838, gave a bond to William Stephens, as guardian of the estates of Hannah Bell and William Bell, minors, to secure the sum of $8000, payable " on the arrival at full age of the said Hannah Bell and William Bell," with interest half-yearly. William Stephens was discharged as guardian, and the Girard Life Insurance, Annuity and Trust company were appointed in his place, to whom he assigned the bond. Hannah Bell intermarried with Thomas B. Russum, and by marriage articles, the company was made trustee of her estate. The company entered up judgment on the bond. About three months prior to the maturity of the bond, Mr. and Mrs. Russum wishing to procure a loan on the security of her separate estate, it was agreed that W. S. Robarts, the appellant, should be appointed her trustee in place of the company, and also guardian of William Bell, which was accordingly done. On the 13th of August, 1843, William Bell having attained his full age, the bond became due, and by direction of W. Bell and Mr. Robarts, the company handed over the bond and papers to counsel for collection,

[Robarts' Appeal.]

and the judgment was marked of record to the use of William Bell and W. S. Robarts, trustee of Hannah Russum, "to be held in equal moieties by the said William Bell and Walter S. Robarts, trustee." The defendant paid over the amount of the bond to the counsel, and Mr. Robarts having interposed a claim for commissions, it was agreed that the counsel should retain a sufficient amount in his hands for the payment of the commissions claimed, if the orphans' court should determine that the guardian was entitled to them. The guardian filed an account, to which exceptions were filed; and an auditor was appointed, at the instance of William Bell's counsel, who reported an account, to which exceptions were filed, excepting to the allowance of the accountant's commissions, the fees paid by him to counsel, and the costs of the audit. The orphans' court sustained the exceptions, which was here assigned for error.

*Randall*, argued for the appellant.
*T. S. Smith*, for the appellee.

PER CURIAM.—The appellant could not legitimately raise an account merely to get commissions on a fund which had not passed through his hands. That his ward had agreed that he should have so much as an inducement to accept the guardianship cannot strengthen his claim, in point of legal obligation, whatever it might do in point of honour. The expenses claimed were incurred in pursuit of the appellant's private and unfounded demand; and though it is proper that they be paid, it is not proper they be paid out of any pocket but his own. He was entitled to something for his responsibility, and he has had an allowance for it, which we are not disposed to increase.

Decree affirmed.